UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00539-AB-JC | Date | May 15, 2020 |
|---|---|---|---|
| Title | Gina Rickard v. Riverside County Sheriffs Dept., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS)

**ORDER TO SHOW CAUSE RE DISMISSAL**

On March 13, 2020, plaintiff Gina Rickard, who is at liberty, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis* ("IFP"), filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983. Plaintiff appears to claim that the Riverside County Sheriff's Department and/or a deputy thereof, private individual Todd Shields, his attorney Eric Khodadian, and Riverside County Superior Court Judge Randall White (collectively, "defendants"), played roles in rendering plaintiff homeless and without assets. She sues defendants in their individual and official capacities and, as best as the Court can discern, seeks the proceeds of the "Clark and Ruth Garen Estates," which she apparently lost because of an unlawful detainer proceeding.

In an order dated April 7, 2020 ("April Order"), the Court dismissed the Complaint with leave to amend and directed plaintiff, within fourteen (14) days (*i.e.*, by April 21, 2020), to file one of the following: (1) a first amended complaint which cures the pleading defects described in the April Order; (2) a notice of dismissal; or (3) a notice of intent to stand on the Complaint. The April Order expressly cautioned plaintiff that the failure timely to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the April Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the April Order.

To date, although the foregoing has expired, plaintiff has failed to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint, or to seek an extension of time to do so.[1]

---

[1]On April 9, 2020, plaintiff sent the Court approximately 58 email communications – none of which appeared to be a first amended complaint, a notice of dismissal or a notice of intent to stand on the

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00539-AB-JC | Date | May 15, 2020 |
|---|---|---|---|
| Title | Gina Rickard v. Riverside County Sheriffs Dept., et al. | | |

    IT IS ORDERED that the plaintiff shall show cause in writing, on or before May 29, 2020 why plaintiff's failure to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint should not be deemed plaintiff's admission that amendment is futile and why this action should not be dismissed on the grounds set forth in the April Order, on the ground that amendment is futile, based upon plaintiff's failure to prosecute, and/or based upon plaintiff's failure to comply with the April Order.[2]

    **Plaintiff is cautioned that the failure to comply with this Order and/or to show good cause, may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the ground that amendment is futile, on the grounds set forth in the April Order, based upon plaintiff's failure to prosecute this action and/or based upon plaintiff's failure to comply with the Court's Orders.**

    IT IS SO ORDERED.

---

    [1](...continued)
Complaint – which were returned to her without filing. See Docket No. 9. On the same date, the Court ordered plaintiff to refrain from sending substantive emails to the Court and notified her that such communications were improper and would not be filed. See Docket No. 8 (citing Local Rule 83-2.5 (parties shall refrain from sending e-mail messages to judge; all matters must be called to judge's attention by appropriate application or motion filed in compliance with local rules)). Notwithstanding the foregoing, plaintiff emailed approximately five additional items – none of which appeared to be a first amended complaint, a notice of dismissal or a notice of intent to stand on the Complaint – on April 15, 2020. Such items were likewise returned to her without filing. See Docket No. 9.

    [2]As plaintiff is a pro se litigant who has not been authorized to proceed via electronic filing, documents she wishes to file at this time must be sent to the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Suite 1200.