UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA RICKARD,<br><br>         Plaintiff,<br><br>    v.<br><br>RIVERSIDE COUNTY SHERIFFS DEPT., et al.,<br><br>         Defendants. | Case No. 5:20-cv-00539-AB-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.   BACKGROUND AND SUMMARY

On March 13, 2020, plaintiff Gina Rickard, who is at liberty, is proceeding pro se, and has been granted leave to proceed in forma pauperis ("IFP"), filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against multiple defendants.

As plaintiff is proceeding IFP, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

On April 7, 2020, the Magistrate Judge issued an Order Dismissing Complaint with Leave to Amend and Directing Plaintiff to Respond to Order

("April Order").[1]  The April Order advised plaintiff that the Complaint was deficient for reasons described in the April Order, dismissed the Complaint with leave to amend, and directed plaintiff, within fourteen days (*i.e.*, by April 21, 2020), to file one of the following:  (1) a first amended complaint which cures the pleading defects described in the April Order; (1) a notice of dismissal; or (3) a notice of intent to stand on the Complaint.[2]  The April Order expressly cautioned plaintiff

---

[1] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The April Order expressly notified plaintiff that (1) the April Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within a specified time frame; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within a specified time frame; and (4) a party would be foreclosed from challenging the rulings in the April Order if such party did not seek review thereof or object thereto.  (April Order at 13 n.4).

[2] Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint (1) violated Rule 10 of the Federal Rules of Civil Procedure because it did not name all of the parties in the caption and failed to clearly identify the persons/entities being sued; (2) violated Rule 8 of the Federal Rules of Civil Procedure because it failed to specify any claims, legal grounds, or relief sought; (3) failed to state a claim for relief against any defendant because it did not identify each defendant's individual conduct or specify any policy, custom or practice which resulted in a constitutional violation and instead made general and conclusory allegations which failed to demonstrate a causal link between any

(continued...)

that the failure timely to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the April Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the April Order.

      As plaintiff failed to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint, or to seek an extension of time to do so by the foregoing deadline,[3] the Magistrate Judge, on May 15, 2020, issued an Order to Show Cause Re Dismissal ("OSC"), which directed plaintiff to show cause in writing, on or before May 29, 2020 why plaintiff's failure to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint should not be deemed plaintiff's admission that amendment is futile and why this action should not be dismissed on the grounds set forth in the April Order, on the ground that amendment is futile, based upon plaintiff's failure to prosecute, and/or based upon plaintiff's failure to comply with the April Order. The OSC further

---

[2](...continued)
defendant's conduct and an alleged constitutional violation; (4) improperly included as Section 1983 defendants private individuals who did not act under color of state law, a judge who is immune from such a suit, and other officials who appear merely to have carried out a facially valid judicial order and would be entitled to quasi-judicial immunity; and (5) is barred by the Rooker-Feldman doctrine to the extent it complained of a legal wrong allegedly committed by a state court and sought relief from the judgment of that court.

[3]On April 9, 2020, plaintiff sent the court approximately 58 email communications – none of which appeared to be a first amended complaint, a notice of dismissal or a notice of intent to stand on the Complaint – which were returned to her without filing. See Docket No. 9. On the same date, the court ordered plaintiff to refrain from sending substantive emails to the court and notified her that such communications were improper and would not be filed. See Docket No. 8 (citing Local Rule 83-2.5 (parties shall refrain from sending e-mail messages to judge; all matters must be called to judge's attention by appropriate application or motion filed in compliance with local rules)). Notwithstanding the foregoing, plaintiff emailed approximately five additional items – none of which appeared to be a first amended complaint, a notice of dismissal or a notice of intent to stand on the Complaint – on April 15, 2020. Such items were likewise returned to her without filing. See Docket No. 9.

expressly cautioned plaintiff in boldface print that the failure to comply with the OSC and/or to show good cause, may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the ground that amendment is futile, on the grounds set forth in the April Order, based upon plaintiff's failure to prosecute this action and/or based upon plaintiff's failure to comply with the court's orders.

Although the deadlines to respond to the April Order and the OSC have now expired, to date, plaintiff has failed to file a first amended complaint, a notice of dismissal, a notice of intent to stand on the Complaint, or a response to the OSC, or to seek an extension of time to do so.

As discussed below, this action is dismissed due to plaintiff's failure to state a claim for relief, her unreasonable failure to prosecute and her failure to comply with the April Order or the OSC.

**II.   PERTINENT LAW**

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

**III.   DISCUSSION AND ORDER**

First, the Court has reviewed the April Order and finds that it adequately and properly notified plaintiff of the deficiencies in the Complaint and afforded her an opportunity to amend effectively.  This Court agrees with and adopts the April Order, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed therein.

Second, as explained in the April Order, the Complaint fails to state a claim

for relief against any defendant. The April Order explained in detail what plaintiff needed to do to cure the deficiencies in her pleading, ordered plaintiff to respond to the April Order by filing a first amended complaint which cured the identified pleading defects, or filing a notice of dismissal, or filing a notice of intent to stand on Complaint, and cautioned plaintiff that her failure timely to respond to the April Order may be deemed her admission that amendment is futile and may result in the dismissal of this action on the grounds identified in the April Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the April Order. In light of plaintiff's failure to file a response to the April Order as expressly directed, this Court deems such failure plaintiff's admission that amendment of the Complaint is futile and concludes that plaintiff is unable or unwilling to draft a complaint that states viable claims for relief. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 574 U.S. 815 (2014). Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

     Third, dismissal is appropriate based upon plaintiff's failure to comply with the April Order and the OSC and the failure to prosecute. The Court has considered the five factor discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that she wishes to stand thereon. She

has not done so and further has not responded to the OSC directing her to show cause why this action should not be dismissed.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since plaintiff has already been cautioned of the consequences of her failure to prosecute and her failure to comply with the April Order and the OSC, and plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

    IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to state a claim, her unreasonable failure to prosecute and her failure to comply with the April Order and the OSC.

    IT IS SO ORDERED.

DATED: June 19, 2020

_____
HONORABLE ANDRE BIROTTE, JR.
UNITED STATES DISTRICT JUDGE